DANIEL KIDDON v. RUDOLPH STEIN.

Argued November term, 1923—Decided March 8, 1924.

**Negligence—Motor Vehicle Accident—Defendant Having Waited for a Bus to Pass Was Struck By Defendant's Car—Contributory Negligence for the Jury to Determine.**

On rule to show cause, Passaic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Heine, Bradner & Laird.*

*Contra, Herman Christ.*

PER CURIAM.

The plaintiff was on the easterly side of Dayton avenue, in the city of Passaic, and when he attempted to cross the street a jitney bus was traveling north on the same side of the street, and he waited for it to pass. After it had passed he stepped out into the street, as he came out from behind the bus he was struck by the car of the defendant. For this he brought suit and obtained a verdict for $15,000.

The first contention is that the plaintiff was guilty of contributory negligence, and that the motions for a nonsuit and the direction of a verdict should have been granted. This inquiry presented a question of fact. There was evidence that the defendant was traveling at a rapid rate of speed;

some of the witnesses testify that he was going forty-five miles an hour, and that he was on the wrong side of the street, being over toward the east side, the side from which the plaintiff was attempting to cross. The plaintiff waited until a jitney bus going north had passed him, and was struck while he was still east of the middle line of the street. He had a legal right to assume that he would not be in danger from a car traveling south until he had approached the centre line of the highway, and in any event the question was for a jury whether or not he was negligent in what he did under the circumstances. *Napodensky* v. *West Jersey Railroad*, 85 *N. J. L.* 336.

The only other insistence is that the verdict for $15,000 is excessive. While the plaintiff was seriously injured, and is at present apparently suffering from traumatic neurasthenia, nevertheless, we are inclined to think that $15,000 is excessive, and that the verdict should be reduced to $10,000. If the plaintiff will accept this abount in lieu of the amount of the verdict, this rule will be discharged, otherwise it will be made absolute as to the amount of damages only, for which purpose a *venire de novo* may issue.